IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNION PROPERTIES LLC, §<br>         Relator, §<br> §<br>v. §<br> §<br>V-R ENTERPRISES, LLC, and §<br>TERRY LEE MAIR dba §<br>A & B MANUFACTURING, §<br>         Defendants. § | | Civil Action No. A-11-CA-43<br><br>JURY TRIAL DEMANDED |

# RELATOR'S' ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

## A. Parties

1.      Relator, Union Properties LLC ("Union Properties"), is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Austin, Texas.

2.      Defendant, V-R Enterprises, LLC ("V-R Enterprises"), is a limited liability company organized and existing under the laws of the State of Utah, with its registered place of business at 296 East 1900 South, Kaysville, Utah 84037. Defendant may be served with process through its registered agent, Scott Vawdrey, 296 East 1900 South, Kaysville, Utah 84037.

3.      Defendant, Terry Lee Mair dba A & B Manufacturing ("Mair"), is an individual and a citizen of the State of Utah. Defendant may be served with process at 158 South 580 East, Midway, Utah 84049.

## B. Jurisdiction

4.      This Court has jurisdiction over the lawsuit because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has general and specific personal jurisdiction over Defendants by virtue of, *inter alia*, Defendants' persistent and continuous contacts with this District, including: (1) active and regular conduct of business during the relevant time period in this District; (2) deriving substantial revenue from goods and/or services provided to individuals and other entities in Texas and in this District; (3) offering for sale and selling falsely-marked products in this District.

### C.  Venue

6.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

### D.  Facts

7.     This is an action for false patent marking under 35 U.S.C. § 292, which provides that any person may sue to recover the civil penalty for false patent marking.  Relator brings this *qui tam* action on behalf of the United States of America.

**False Marking by Defendants V-R Enterprises and Mair**

8.     Defendants have made, used, sold, and/or offered for sale in the United States and/or imported into the United States Dutch Oven Lid Lifters, including by way of example only, the 9-Inch Dutch Oven Lid Lifter, the 14-Inch Dutch Oven Lid Lifter, and the 22-Inch Dutch Oven Lid Lifter.  (*See* Ex. 1 – Dutch Oven Lifters.)

9.     Defendants mark and/or have marked, affix and/or have affixed, and/or use and/or have used in advertising in connection with their Dutch Oven Lid Lifters, including but not limited to the 9-Inch Dutch Oven Lid Lifter, the 14-Inch Dutch Oven Lid Lifter, and the 22-Inch Dutch Oven Lid Lifter (collectively the "Falsely-Marked Products") two expired patents—U.S. Patent No. 5,071,182 ("the '182 Patent") and 5,183,304 ("the '304 Patent").

10.    As illustrated in Exhibit 2, Defendant Mair marked his Dutch Oven Lid Lifters with the '182 and '304 Patents.

2

11. As illustrated in Exhibit 3, Defendant V-R Enterprises marked their Dutch Oven Lid Lifters with the '182 and '304 Patents.

12. A true and correct copy of U.S. Patent No. 5,071,182 ("the '182 Patent") is attached as Exhibit 4.

13. The '182 Patent, entitled "Apparatus and Method for Grasping and Stably Lifting Lids Having a Handle," was filed on August 14, 1990, and issued on December 10, 1991. (Ex. 4, '182 Patent at [22], [45].)

14. The '182 Patent expired on or about August 14, 2010, pursuant to 35 U.S.C. § 154(c).

15. A true and correct copy of U.S. Patent No. 5,183,304 ("the '304 Patent") is attached as Exhibit 5.

16. The '304 Patent, entitled "Apparatus and Method for Grasping and Stably Lifting Lids Having a Handle," was filed on December 6, 1991, and issued on February 2, 1993. (Ex. 5, '304 Patent at [22], [45].)

17. The '304 Patent expired on or about December 10, 2009, pursuant to 35 U.S.C. § 154(c). (*Id.* at [*] (Terminal Disclaimer).)

18. Defendants falsely marked the Falsely-Marked Products after the expiration of the '182 and '304 Patents (collectively the "Expired Patents").

19. Defendant Mair is a sophisticated individual doing business as A & B Manufacturing with many years of experience in manufacturing and selling Dutch Oven Lifters to individuals and large retail organizations throughout the United States, including this District. (See Ex. 6, MAIR DUTCH OVEN LIFTERS, http://www.mairdutchoverlifter.com (last visited on January 16, 2011). Mair has many years of intellectual property experience. Upon information

3

and belief, only a year or two before the patents expired, Mair was policing and enforcing the Expired Patents against alleged patent infringers, including those who might otherwise compete in the same market, such as other ironworks manufacturers and Boy Scout troops. Defendant Mair sells the Falsely-Marked Products through a website and directly to consumers in this District with his own "MAIR T.M." trademark label attached, which expressly marks the Falsely-Marked Products with the Expired Patents. Defendant Mair further licenses its intellectual property to other manufacturers, including Defendant V-R Enterprises. Mair's intellectual property is a valuable asset to Mair.

20.     Defendant V-R Enterprises is a sophisticated organization with many years of experience in manufacturing and selling Dutch Oven Lifters to individuals and both small and large retail organizations throughout the United States, including this District. (*See, e.g.*, Ex. 7, CABELA'S DUTCH OVEN LID LIFTER, http://www.cabelas.com/product/Dutch-Oven-Lid-Lifter/1142055.uts?Ntk=AllProducts&searchPath=%2Fcatalog%2Fsearch.cmd%3Fform_state%3DsearchForm%26N%3D0%26fsch%3Dtrue%26Ntk%3DAllProducts%26Ntt%3Ddutch%2Boven%2Blifter%26WTz_l%3DHeader%253BSearch-All%2BProducts&Ntt=dutch+oven+lifter&WTz_l=Header;Search-All Products (last visited on Jan. 16, 2011). V.R. Enterprises actively markets the Falsely Marked Products in this District at Cabela's, 15570 IH 35, Buda, TX 78610, and Dooley's 5-10 & 25 Store, Inc., 131 E. Main St., Fredericksburg, Texas 78624, where the Falsely-Marked Products can be purchased by the general public. V-R Enterprises has many years of intellectual property experience, and V-R Enterprises' intellectual property is a valuable asset to V-R Enterprises.

21.     Defendants knew that expired patents do not cover any product.

22. Defendants knew that the Expired Patents were expired. Moreover, given the filing and issue dates of the Expired Patents, as well as the terminal disclaimer on the '304 Patent, Defendants did not have a reasonable belief that the Expired Patents were unexpired.

23. Defendants knew that the Expired Patents did not cover any of the Falsely-Marked Products.

24. The Falsely-Marked Products could have easily been made without falsely marking them with the Expired Patents.

25. Defendants knew that it was a false statement to mark the Falsely-Marked Products with the Expired Patents.

26. Defendants did not have, and could not have had, a reasonable belief that the Falsely-Marked Products were properly marked.

27. Defendants marked the Falsely-Marked Products for the purpose for deceiving the public into believing that the products were patented and to thwart competition.

**Injury to the United States of America**

28. Defendants' practice of false marking is injurious to the United States.

29. Defendants' false marking alleged in the preceding paragraphs caused injury to the sovereignty of the United States arising from violations of federal law, specifically, the violation of 35 U.S.C. § 292. The United States has conferred standing on "any person," including the Relator, as the United States' assignee of the claims in the Complaint to enforce 35 U.S.C. § 292.

30. Defendants' false marking alleged in the preceding paragraphs caused proprietary injury to the United States, which, together with 35 U.S.C. § 292, would provide another basis to confer standing on Relator as the United States' assignee.

31.     The marking and false marking statutes exist to provide the public notice of patent rights.  Congress intended the public to rely upon marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as in Defendants' Falsely-Marked Products.

32.     Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas that are, in reality, a part of the public domain, such as those disclosed in the Expired Patents.

33.     The public's interest in preventing false marking was so great that the United States enacted a statute that sought to encourage private parties to enforce the statute.  By permitting members of the public to bring *qui tam* suits on behalf of the government, Congress authorized private persons, such as Relator, to help control false marking.

34.     Defendants' false marking alleged in the preceding paragraphs deter innovation and stifle competition in the marketplace for at least the following reasons:  (1) if an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market; (2) false marks may deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and (3) false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

35.     Defendants' false marking alleged in the preceding paragraphs misleads the public into believing that the Expired Patent gives Defendants control of Defendants' Falsely-Marked Products (as well as similar products), which places the risk of determining whether Defendants' Falsely-Marked Products and similar products are controlled by the '005 Patent on

the public, thereby increasing the cost to the public of determining who, if anyone, in fact controls the intellectual property embodied in Defendants' Falsely-Marked Products.

36. Thus, in each instance where a representation is made that Defendants' Falsely-Marked Products are protected by the Expired Patents, a member of the public desiring to participate in the market for products similar to Defendants' Falsely-Marked Products must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise be required to pay.

37. Defendants' false marking alleged in the preceding paragraphs also creates a misleading impression that Defendants' Falsely-Marked Products are technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

38. Every person or company in the United States is a potential entrepreneur regarding the apparatus and methods described in the Expired Patents. Moreover, every person or company in the United States is a potential competitor with respect to Defendants' Falsely-Marked Products that are marked with the Expired Patents.

39. Each of Defendants' Falsely-Marked Products, is likely to, or at least has the potential to, discourage or deter each person or company, which view such marking from commercializing a competing product, even though the Expired Patent is expired and inapplicable.

40. Defendants' false marking alleged in the preceding paragraphs has quelled competition regarding similar products to an immeasurable extent, thus, causing harm to the United States in an amount that cannot be determined readily.

41. Defendants' false marking alleged in the preceding paragraphs constitutes wrongful and illegal advertisement of a patent monopoly that does not exist and, as a result, has resulted in increasing, or at least maintaining, the market power or commercial success of Defendants' Falsely-Marked Products.

42. Each individual false marking is likely to harm, or at least potentially harm, the public. Thus, each such false marking is a separate offense under 35 U.S.C. § 292(b).

43. For at least the reasons stated in the preceding paragraphs, Defendants' false marking caused injuries to the United States arising from violations of federal law and has caused proprietary injuries to the United States.

### E.  Count 1 – False Marking

44. Relator incorporates all of the preceding paragraphs as if fully set herein. Defendants have violated 35 U.S.C. § 292 by falsely marking the Falsely-Marked Products for the purpose for deceiving the public.

### F.  Jury Demand

45. Relator asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### G.  Prayer

46. For these reasons, Relator requests a judgment against Defendants for the following:

    a. A judgment in favor of Relator that Defendants have violated 35 U.S.C. § 292 by falsely marking products with knowledge that the patents have

8

   expired or are otherwise inapplicable for the purpose of deceiving the public;

b.  An accounting of total unit sales, per unit sales price, per unit revenue, gross revenue, per unit profit, and gross profit for any falsely-marked articles;

c.  A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely-marked article, or an alternative reasonable amount determined by the Court taking into consideration the sales, price, the total revenue and gross profit derived from the sale of falsely-marked articles and the degree of intent to falsely mark the articles, one-half of which shall be paid to the United States and the other half to the Relator;

d.  A judgment declaring that this case is "exceptional" under 35 U.S.C. § 285; and awarding Relator its costs, including reasonable attorney's fees, in bringing and maintaining this lawsuit;

e.  An injunction ordering Defendants, and their officers, agents, servants, employees, attorneys, licenses, successors, and assigns and those in active concert or participation with any of them, to cease all existing acts of false marking within 90 days and from committing any new acts of false marking;

f.  An award of pre-judgment and post-judgment interest on any monetary award;

g.  Costs of court;

h.  All other relief, at law and in equity, which this Court deems appropriate.

Respectfully submitted,

 /s/ James N. Willi
James N. Willi
Texas Bar No. 00795719
jwilli@willilawfirm.com
Tracy J. Willi
Texas Bar No. 00784633
twilli@willilawfirm.com
Willi Law Firm, P.C.
9600 Escarpment Blvd.
Ste. 745, PMB 34
Austin, TX 78749-1983
Tel. (512) 288-3200
Fax (512) 288-3202

ATTORNEYS FOR RELATOR,
UNION PROPERTIES LLC